IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30305
Summary Calendar
_____


LESTER A. WARNER,

                              Plaintiff-Appellant,

                    versus

INTERNAL REVENUE SERVICE,
New Orleans Problem Resolution
Office,

                              Defendant-Appellee.

_____

          Appeal from the United States District Court for
                 the Eastern District of Louisiana
                          (94 CV 4000 K)
_____
                        October 3, 1995

Before REAVLEY, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[*]

     Lester A. Warner, the plaintiff-appellant, brought suit in

federal district court in Louisiana against the New Orleans

Internal Revenue Service Problem Resolution Office ("IRS") "for

their refusal to grant social security tax collection relief from

his 1985 and 1986 tax returns."  Warner requested "relief from

_____

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

$957 for 1985 and $1,309 for 1986, including interest, penalties, and late charges."  Both Warner and the government moved for summary judgment.  The district court denied Warner's motion and granted summary judgment for the government.  Warner appeals.  We affirm.

## BACKGROUND

The relevant facts are undisputed.  Warner filed his federal income tax returns for 1985 and 1986 on January 15, 1991.  The returns for both years reflected self-employment income, though Warner had not paid self-employment taxes for those years and, so far as the record indicates, has not yet done so.  In March, 1991, the IRS assessed Warner for the unpaid self-employment taxes for 1985 and 1986.

Warner's returns were filed more than three years, three months, and fifteen days after the end of the relevant tax years.  Under applicable provisions of the Social Security Act, Warner is not entitled to have his social security records updated to reflect the self-employment income he earned in those years.  42 U.S.C. §§ 405(c)(2)(A), 405(c)(1)(B).  Warner complains that it is unfair and illegal to collect taxes for social security when the amount taxed will not be credited to his social security records.  Warner therefore requested "relief from $957.00 for 1985 and $1,309.00 for 1986."

The district court interpreted this request to be in essence a request to enjoin the IRS from collecting self-employment taxes.  The court then held that such relief is barred under the

2

Anti-Injunction Act, 26 U.S.C. § 7421(a), which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . ."

**ANALYSIS**

On appeal, Warner argues that his suit falls into a judicial exception to the Anti-Injunction Act.[1] In order to be entitled to injunctive relief under the exception, a taxpayer must show (1) that he would otherwise suffer irreparable injury (i.e. that he has no adequate remedy at law), and (2) that there is no possibility the government will prevail on the merits of the case. *Bilbo v. United States*, 633 F.2d 1137, 1139 (5th Cir. 1981); *Bob Jones University v. Simon*, 416 U.S. 725, 737 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6-7 (1962). Warner cannot meet either requirement.

Warner has an adequate remedy at law because he can challenge the validity of the self-employment tax in a refund action pursuant to 26 U.S.C. § 7422(a), which provides that refund actions may be maintained for the recovery of any "internal revenue tax" alleged to have been erroneously or illegally collected. *Id*. Warner alleges such an action would not be available to him, apparently under a misunderstanding about the meaning of "internal revenue tax" in § 7422(a). The tax on self-employment income falls within the definition of

---

[1] Warner's brief actually refers to "Anti-Injunction Exception 46 L.Ed 2d 932-949 10(a)." This cite is to an annotation on the Anti-Injunction Act which deals with the judicial exception to the Act.

3

"income tax" for purposes of the Internal Revenue Code. *Smith v. United States*, 539 F. Supp. 137, 140 (D. Neb. 1982); 7 Mertens *Law of Federal Income Taxation* § 27.14 (1989 ed.). Under the statutory scheme, Warner must first pay the full amount of the tax due, and then file a claim for a refund with the IRS. 26 U.S.C. § 7422(a); 26 U.S.C. § 6511. If the IRS rejects the claim or does not act on it within six months, then Warner may bring a suit for a refund. 26 U.S.C. § 6532(a).

Warner argues that the refund procedures would not apply to the self-employment taxes at issue here, but there is no support for this proposition. There are many examples of suits brought in district courts and the Court of Federal Claims to recover self-employment taxes paid by a taxpayer. *See, e.g.*, *Eade v. United States*, 792 F. Supp. 476 (W.D. Va. 1992); *Smith v. United States*, 539 F. Supp. 137 (D. Neb. 1982); *Katz v. United States*, 885 F. Supp. 24 (D. Conn. 1995).

Furthermore, Warner failed to demonstrate that the government could under no circumstances ultimately prevail. First, the IRS is authorized to collect self-employment taxes without regard to whether social security credit will be given for the related self-employment income. *See* 26 U.S.C. §§ 1401, 1402. And second, in at least one case the Fifth Circuit has upheld an application of the time limitation of 42 U.S.C. § 405, thus closing to alteration the taxpayer's records on earnings from self-employment income. *Martlew v. Celebrezze*, 320 F.2d 887, 890 (5th Cir. 1963).

AFFIRMED.